E-FILED
Friday, 04 October, 2013  04:57:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TARA STANBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3037 |
| | ) | |
| KIM MORRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, pursues a Fourth Amendment challenge to her arrest and subsequent patdown. Before the Court is Defendant Quincy Police Officer Kim Morrison's Motion to Dismiss or for Summary Judgment (d/e 12). The Court has reviewed the evidence, which demonstrates that Defendant Morrison had probable cause as a matter of law to arrest Plaintiff. The patdown of Plaintiff following the valid arrest constitutes a reasonable search under the Fourth Amendment. Furthermore, Defendant is entitled to qualified immunity because no reasonable officer in Defendant's position would have

thought the arrest and patdown of Plaintiff violated Plaintiff's clearly established statutory or constitutional rights.  Therefore, Defendant's Motion for Summary Judgment (d/e 12) is GRANTED.

## I.   <u>BACKGROUND</u>

On February 12, 2013, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 (d/e 1).  In the Complaint, Plaintiff states that while grocery shopping at County Market in Quincy, Illinois, Plaintiff left four chicken tenders on a shelf after determining those pieces were bad. Upon paying for her other groceries, Plaintiff proceeded to her car.  On her way out of the store, a security officer followed Plaintiff and took pictures of her license plate.  On July 14, 2012, Defendant, Officer Morrison of the Quincy Police Department, arrived at Plaintiff's home at 2504 Crescent Lane, Quincy, Illinois and arrested Plaintiff.  Defendant performed a patdown of Plaintiff before taking Plaintiff to a police car for transport to the Quincy Police Department.  Following her arrest, Plaintiff was adjudged guilty of a Class A Misdemeanor in Adams County, Illinois Circuit Court for retail theft of an amount under $300. <u>See</u> Case No. 2012-cf-420.

Plaintiff now alleges that Officer Morrison lacked probable cause to arrest or seize Plaintiff and that Officer Morrison searched Plaintiff or her property without a warrant or probable cause.  In Response, Defendant Morrison has filed a Motion to Dismiss or for Summary Judgment.  In the Motion, Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted and because Defendant is entitled to qualified immunity.  Alternatively, Defendant argues that summary judgment should be granted because Defendant had probable cause to arrest Plaintiff and because a patdown following a valid arrest constitutes a reasonable search under the Fourth Amendment.  Defendant also contends that summary judgment should be granted because she is entitled to qualified immunity.

On April 22, 2013, Notice of Defendant's Motion to Dismiss or for Summary Judgment (d/e 15, 16) was sent to the address Plaintiff listed in the Complaint as her mailing address.  Plaintiff has not responded.

## II.  LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Spath v. Hayes Wheels Int'l–Ind., Inc., 211 F.3d 392, 396 (7th Cir. 2000).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party makes an initial showing that the movant is entitled to judgment, the non-moving party must set forth facts, supported by evidence, showing that a genuine issue for trial exists. Celotex Corp., 477 U.S. at 324.  Here, Plaintiff's failure to respond to Defendant's Motion for Summary Judgment is deemed an admission to the truth of Defendant's factual account of the incident at issue.  Terrell v. American Drug Stores, 65 Fed. Appx. 76, 77 (7th Cir. 2003) ("[W]hen

a party fails to respond to a motion for summary judgment, its failure 'constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial.").

## III. ANALYSIS

In the Motion to Dismiss or for Summary Judgment, Defendant moves for summary judgment based on the presence of probable cause to perform an arrest and the fact that a patdown following a valid arrest constitutes a reasonable search under the Fourth Amendment. Defendant also moves for summary judgment because Defendant is entitled to qualified immunity.

**A.   Defendant Had Probable Cause To Arrest Plaintiff, and the PatDown Following a Valid Arrest Constitutes a Reasonable Search Under the Fourth Amendment**

Defendant's investigation began on June 29, 2012 when Mr. Bruce Baker, a former Quincy police officer and at that time a loss prevention agent at County Market, Quincy, Illinois, reported a retail theft.  In connection with the investigation, Defendant prepared an original case report and two supplemental reports at or near the time of the events recorded in each report.  See d/e 14 at 29-31, 41-42, 69-72.  Defendant

also prepared an Arrest Warrant Affidavit and a Phase One Arrest Report and Certificate of Arresting Officer Regarding Probable Cause for Detention of Person Arrested without a Warrant.  See d/e 68, 73.  The documents prepared by Defendant are kept in the course of regularly conducted activities of the Quincy Police Department.

These documents and Defendant's Affidavit state that she spoke with Mr. Baker about the retail theft incident involving Plaintiff.  Mr. Baker explained that he first saw Plaintiff sitting in the liquor aisle of County Market in a motorized wheelchair.  The wheelchair had a basket on the front.  A box of hot chicken tenders sat in the basket.

Mr. Baker told Defendant that Plaintiff took the box of chicken tenders out of the basket, took a few bites, and then put the box of chicken tenders back in the basket.  Suspicious, Mr. Baker followed Plaintiff and watched her take additional bites of the chicken tenders.  Later, in aisle 7, Mr. Baker saw Plaintiff put the box of chicken tenders on a shelf and push the box to the back of the shelf.  Once Plaintiff left aisle 7, Mr. Baker retrieved the box of partially-eaten chicken tenders.  Mr. Baker also spoke with Plaintiff outside of the store where Mr. Baker

asked Plaintiff if she had paid for the chicken tenders.  Plaintiff told Mr.

Baker that she had paid for the chicken tenders with a Link card.

Subsequently, Mr. Baker accessed County Market's electronic

records of purchases made during Plaintiff's presence in the grocery store.

The electronic records showed that Plaintiff did not purchase the chicken

at the deli counter or at the cash register.  A camera in County Market

also points directly at the deli counter where chicken tenders are sold.

Plaintiff did not swipe her Link card at that location in the grocery store.

Furthermore, Mr. Baker took photographs of the partially-eaten

chicken tenders and recorded a license plate number for the vehicle in

which Plaintiff left the grocery store property.  Mr. Baker identified

Plaintiff as Tara Stanberry and provided Defendant with the electronic

records showing Plaintiff had not purchased chicken tenders, a picture of

the partially eaten chicken tenders, and the license plate number Mr.

Baker had recorded.

Defendant tried to locate Plaintiff with the materials provided by

Mr. Baker.  At first, Defendant had difficulty.  However, while patrolling

on July 14, 2012, Defendant saw a car with temporary license plates

registered to Dusty Stanberry.  Remembering the name Stanberry,

Defendant followed the car to 2504 Crescent Lane in Quincy, Illinois.

At the residence, Defendant spoke with Plaintiff who invited Defendant

into the residence.

Once inside, Defendant had a conversation with Plaintiff about the

chicken tenders.  Plaintiff initially said that she had returned to the store

and paid Mr. Baker for the chicken tenders.  Defendant told Plaintiff

that Mr. Baker never indicated that Plaintiff had paid for the chicken

tenders and that Defendant doubted Mr. Baker, as a loss prevention

officer, would have accepted payment.  Plaintiff then told Defendant that

when Plaintiff took a bite of the chicken tenders, she realized the chicken

was not cooked thoroughly.  Defendant subsequently said that she could

call Mr. Baker to ask if Plaintiff had paid for the chicken tenders.  In

response, Plaintiff admitted that she had not returned to pay for the

chicken tenders.  Further, Plaintiff stated, she had told Mr. Baker that

she did pay for the chicken tenders but realized later that she had not

because she cannot purchase hot food items with a Link card.

Defendant told Plaintiff that Defendant had seen photos of the partially eaten chicken tenders and that the chicken had appeared cooked through.  Thereafter, Defendant placed Plaintiff under arrest.  Before taking Plaintiff to the Quincy Police Department, Defendant allowed Plaintiff to put on clothes, socks, and shoes.  Defendant patted Plaintiff down before leading Plaintiff to a police car for transport.

Probable cause to arrest an individual arises where the facts and circumstances within the officer's knowledge, based upon reasonably trustworthy information, warrant a belief that a crime was committed. Brinegar v. United States, 338 U.S. 160, 175-76 (1949).  Courts evaluate probable cause from the perspective of how the facts appeared to the officer, seeing what she saw and hearing what she heard.  Qian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999) (finding probable cause as matter of law to make arrest for driving while intoxicated where the individual had lost control of his car, crashed, was hunched over and having difficulty walking, his car showed no signs that his body had hit anything during the accident, he denied being injured, showed no physical signs of injury, his speech seemed slurred, and the officer had no

prior knowledge of the individual's prior car accident and resulting head injury).  Furthermore, if probable cause exists to make an arrest, a subsequent patdown of the suspect constitutes a reasonable search under the Fourth Amendment.  United States v. Williams, 209 F.3d 940, 943 (7th Cir. 2000); see also Wofford v. Celani, 2013 WL 315744, at *6 (N.D. Ill. 2013) (finding that a valid arrest and subsequent search of the plaintiff's person during which police found a bullet proof vest constituted a reasonable search under the Fourth Amendment).  A conclusion that probable cause existed as a matter of law is appropriate where no room for difference of opinion exists concerning the facts or reasonable inferences that could be drawn from the facts.  Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 473 (7th Cir. 1997).

Here, Defendant performed a diligent, thorough, and well-documented investigation.  During the course of that investigation, Defendant compiled records that she has properly submitted with the instant Motion.  Those records include photographs of the chicken tenders at issue, statements from the loss prevention officer at County Market that followed Plaintiff around the store and questioned Plaintiff

outside of the store, electronic records from the time period Plaintiff was inside of County Market showing Plaintiff did not purchase chicken tenders, three reports detailing Defendant's investigation of the retail theft, an Arrest Warrant Affidavit, and a Phase One Arrest Report and Certificate of Arresting Officer Regarding Probable Cause for Detention of Person Arrested without a Warrant.  These records along with Defendant's interview of Plaintiff at Plaintiff's residence establish that Defendant had more than enough trustworthy information establishing that Plaintiff had not paid for the chicken tenders.  Accordingly, no doubt exists that Defendant had probable cause to arrest Plaintiff for retail theft, and the patdown that occurred after the valid arrest constitutes a reasonable search under the Fourth Amendment.

B.    **The Facts of this Case Support a Finding that Defendant Did Not Violate a Clearly Established Statutory or Constitutional Right of Which Defendant Should Have Known**

Moreover, even assuming some doubt remains as to whether probable cause existed in this case, state officials with discretionary or policymaking authority are protected from some constitutional claims by the doctrine of qualified immunity.  Jacobs v. City of Chicago, 215 F.3d

758, 766 (7th Cir. 2000).  Such officials are not civilly liable unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person in their position would have been aware.  Id. An officer who makes a reasonable mistake is entitled to qualified immunity.  Reher v. Vivo, 656 F.3d 772, 778 (7th Cir. 2011) (explaining that the neighbors' allegations were too vague to support an arrest for disorderly conduct but finding the officer entitled to qualified immunity because an officer faced with the circumstances present here could have reasonably, even if mistakenly, believed the plaintiff was harassing the children and alarming their parents, giving rise to probable cause to arrest).

Here, Defendant performed a thorough investigation, spoke with the loss control agent who provided information about the partially eaten chicken tenders, and visited Plaintiff's residence to speak with Plaintiff about the chicken tender incident.  During the interview, Plaintiff told Defendant she did not use her Link card to pay for the chicken tenders. Based on the information Defendant gathered about the chicken tenders, Defendant could not have believed she violated Plaintiff's clearly

established constitutional rights by placing Plaintiff under arrest. Furthermore, after performing the arrest, Defendant had no reason to believe a patdown prior to transporting Plaintiff to the Quincy Police Department constituted a clear violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendant is also entitled to qualified immunity.

## IV.   CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED.  THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: October 4, 2013

FOR THE COURT:                    s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE